**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Quintay Liner,<br>Plaintiff,<br>v.<br>Roman, et al.,<br>Defendants. | Case No. 2:26-cv-03351-APG-NJK<br>**Order**<br>[Docket No. 11] |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 11.

## I. *IN FORMA PAUPERIS* APPLICATION

Plaintiff has shown an inability to prepay fees and costs or give security for them. *See* Docket No. 11. Accordingly, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket.

## II. SCREENING

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Pursuant to Rule 8, litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Courts routinely reject so-called "shotgun pleadings" in which causes of action are predicated on vague reference to the earlier factual allegations. *See,* e.g., *Lopez v. Iaela-Tokugawa*, 2025 WL 3164232, at *2 (D. Nev. Aug. 6, 2025), adopted, 2025 WL 3162016 (D. Nev. Nov. 10, 2025). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. E.g., *Montgomery v. Las Vegas Metro. Police Dep't*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint sua sponte. *See,* e.g., *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

Plaintiff's complaint fails to comply with Rule 8. The complaint fails to provide a short, plain statement of the claims. *See,* e.g., Docket No. 1-1 at 4 ("'On or around October 25th, 2025, I was shot, resulting"). Plaintiff's complaint also includes erroneous strikethroughs and highlights

of which the Court cannot discern the meaning. Thus, the complaint does not coherently set forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, Docket No. 11, is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.
2. The Clerk's Office is **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket. The Court **DISMISSES** the complaint with leave to amend.
3. Plaintiff will have until **December 18, 2026**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.
4. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: November 20, 2026



Nancy J. Koppe
United States Magistrate Judge